## Commonwealth v. Priski

*Burton A. Laub*, assistant district attorney, for Commonwealth.

*W. Pitt Gifford*, for defendant.

HIRT, P. J., February 23, 1938.—This case was tried before us without a jury in accordance with the Act of June 11, 1935, P. L. 319.

The prosecution was brought under the Act of May 13, 1909, P. L. 520, known as the Pure Food Act, which makes it unlawful to

". . . manufacture, sell, offer for sale, expose for sale, or have in possession with intent to sell, any article . . . which is adulterated or misbranded within the meaning of this act."

The specific charge is that defendant sold meat misbranded as bacon which, though smoked and cured, came from the jowl of the hog. This product is known in the trade as "bacon squares". The proofs support the charge only to this extent: The purchaser asked for "bacon squares", and the meat product was sold to him as such. There is no evidence of a misrepresentation by label or otherwise that the so-called bacon was anything other than jowl, smoked and cured, or that the label deceived or misled the purchaser in any respect. All of the questions involved here, with one exception, where before the court of Lawrence County in Commonwealth v. Joseph, 30 D. & C. 98, on parallel facts, and we thoroughly agree with the comprehensive opinion filed by Judge Braham, and his conclusions, in that case.

The only additional material fact to be considered in the instant case is that on April 17, 1936, a few months before the purchase was made, upon which this prosecution rests, the Secretary of Agriculture of Pennsylvania made the following ruling:

"Bacon is the cured and smoked meat of the breast pieces, sides and belly of the pig, the breast pieces being generally embraced in the choice of breakfast bacon. The jowl and back do not constitute bacon."

Even though it be conceded that this ruling was within the power conferred upon the Secretary of Agriculture by section 8 of the Act of 1909, supra, yet it is not contended and there is no evidence that this definition or ruling was published in accordance with the provisions of that act, and since there is no contention that defendant had actual knowledge that the Secretary of Agriculture

had restricted the definition of bacon, a conviction cannot rest upon such ruling without constructive notice given according to law.

And now, to wit, February 23, 1938, this case having come on for trial without a jury, pursuant to agreement of the parties under the Act of June 11, 1935, P. L. 319, I, William E. Hirt, the trial judge, do hereby find the defendant not guilty, the costs, excepting the fees to witnesses for the Commonwealth, to be paid by the County of Erie.